# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:22-cv-00024 |
| | § | |
| CITY OF ALICE, TEXAS, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Court:

Plaintiff Jose Gonzalez files this Original Complaint against Defendant City of Alice, Texas, and shows as follows:

### PARTIES

1. The plaintiff is Jose Gonzalez. He is an individual and resident of Jim Wells County, Texas.

2. The defendant is City of Alice, Texas ("the defendant"). It is a municipal corporation lawfully formed and existing in Jim Wells County, Texas. The defendant may be served with process by personal service on Mr. Michael Esparza, City Manager, City Hall, 500 E. Main St., Alice, Texas 78332.

### JURISDICTION

3.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.  It presents a federal question.  This Court has pendant or supplemental jurisdiction of the state law claims alleged herein.  28 U.S.C. § 1367.

## VENUE

4.     Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5.     The defendant is a municipality situated in Jim Wells County, Texas.  The plaintiff was employed by the defendant for about 7 years.  He had no disciplinary history.  He worked as a mechanic on heavy equipment used by the defendant to maintain roads and perform city services.  The plaintiff maintained tractors, dump trucks, garage trucks, and the like.

6.     The plaintiff and other employees of the defendant reasonably believed they were not being paid overtime wages during certain periods when they worked more than 40 hours in any, one workweek.  Therefore, the plaintiff and others made a formal complaint to the defendant, first in December 2019, and then intermittently thereafter throughout 2020.  Other than defendant personnel indicating that it would be investigated, the plaintiff did not see the results of any investigation.  But the complaints and lack of a meaningful response, together with a heavy workload, affected the plaintiff's work

environment and caused stress and anxiety. The stress and anxiety experienced by the plaintiff was severe. He was prescribed anxiety medication by his physicians throughout 2020. In July 2020, the dose was increased. The plaintiff had other medical issues as well which he attributes to, in part, his work environment.

7. In July 2020, the plaintiff requested two reasonable accommodations. First, he requested that he not be required to be on-call one week per month due to the severity of his anxiety and other medical issues. Second, the plaintiff requested that he be permitted to have a helper perform certain job functions. There were already helpers employed by the defendant. Both of these reasonable accommodations were granted. Jose Ponce became the plaintiff's helper when necessary.

8. The plaintiff's anxiety increased, however. On or about August 31, 2020, the plaintiff was experiencing significant visions problems, believed to be caused by anxiety. He notified one of his supervisors, Demerieo Duarte. The plaintiff reported that he could not work and was going to see his physician. Mr. Duarte authorized the plaintiff's absence from work. On September 1, 2020, the plaintiff explained to Mr. Duarte that his physician instructed him to not report to work for at least one week. Mr. Duarte granted the week's absence.

9. The plaintiff returned to work on September 7, 2020, but continued to have trouble with his vision and other medical issues. He worked the best he could with the helper

and not being on-call.

10. However, on September 29, 2020, Assistant City Manager Leticia Gonzales met with the plaintiff in his work area and told him that another employee reported that the plaintiff had threatened him and that, therefore, the plaintiff was being considered for discharge. However, the plaintiff explained that the report was false because, in part, it was impossible for the plaintiff to have been around this employee due to work schedules. The plaintiff, exasperated by the false charge, advised Leticia Gonzales that he intended to report the threat of discharge to the defendant's human resources as an incident of disability discrimination. During the same meeting, the plaintiff also continued to complain about his vision problems caused by stress, anxiety and that he needed to return to his physician.

11. The next day, however, Assistant City Manager Leticia Gonzales returned to the plaintiff's work area and discharged him from his employment because Texas is "an at-will state."

12. The plaintiff made a claim for unemployment benefits. Benefits were granted to the plaintiff by the Texas Workforce Commission, finding no work-connected misconduct.

13. The administrative process was exhausted by the plaintiff before this suit was filed.

## CAUSES OF ACTION

### Count 1—Disability Discrimination (State and Federal Law)

14. The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-13, *supra*.

15. The plaintiff alleges that he was disabled and/or that the defendant perceived him to be disabled and that it was this perceived and/or actual disability that was a motivating factor in the defendant's employment decision.

16. The plaintiff also alleges that the disability discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant and/or was a motivating factor in the defendant's employment decision.

17. The defendant's conduct caused damages to the plaintiff. He therefore seeks to recover his economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by, all of his costs and attorney's fees incurred in this matter.

### Count 2–-Retaliation for Reporting Disability Discrimination (State and Federal Law)

18. The plaintiff incorporates within Count 2 all of the allegations set forth in paragraphs 1-17, *supra*.

19. The plaintiff engaged in protected activity when he reported and otherwise

5

complained that he was being discriminated against because of his disability and/or perceived disability.

20. The defendant retaliated against the plaintiff in response to his protected activity by discharging him from his employment. The plaintiff alleges that his protected activity was a motivating factor in the defendant's decision to discharge him.

21. The plaintiff also alleges that the retaliation was knowingly done and/or intentionally done and/or recklessly by the defendant.

22. The defendant's conduct caused damages to the plaintiff. He therefore seeks to recover his economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by, all of his costs and attorney's fees incurred in this matter.

### Count 3–-Retaliation for Reporting/Complaining about Unpaid Overtime Wages under he FLSA

23. The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-22, *supra*.

24. The FLSA provides, in part, that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . . " 29

U.S.C. § 215(a)(3).

25. In order to establish a *prima facie* case of retaliation under the FLSA, a plaintiff must plead: "(1) participation in statutorily protected activity; (2) an adverse employment action, and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). The Fifth Circuit has allowed "an informal, internal complaint to constitute protected activity under Section 215(a)(3)." *Id*. at 625.

26. Here, the facts how that the plaintiff and other employees of the defendant engaged in protected activity when they reported and otherwise complained about not being paid proper overtime wages, in violation of the FLSA. Renewed complaints were made intermittently into 2020. Within only a few months of the reports and any investigation, the plaintiff was discharged from his employment. The causal link is established because, in part, the plaintiff had no job performance deficiencies, none were made known to the plaintiff, and the proximity in time between the reports and complaints and adverse employment action, respectively, creates minimally a presumption that the reports and complaints were a motivating factor that caused the adverse employment action.

27. The plaintiff alleges that the retaliation was knowingly done and/or intentionally done and/or recklessly by the defendant.

28.  The defendant's conduct caused damages to the plaintiff.  He therefore seeks to recover his economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages, liquidated damages from the defendant, as provided by law, and as provided by, all of his costs and attorney's fees incurred in this matter.

## **PRAYER**

29.  For these reasons, Plaintiff Jose Gonzalez, respectfully requests that Defendant City of Alice, Texas, be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's reinstatement, damages, economic damages, non-economic damages, liquidated damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
jbrooks@brooksllp.com
**Attorneys for Plaintiff Jose Gonzalez**